UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARIEL BURKS, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10450** |
| **J.H.O.C., INC., et al.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Before the Court is Defendants J.H.O.C., Inc. d/b/a Premier Transportation, Sentry Select Insurance Company, and Clinton Dowdell's (collectively, "Defendants") "Motion for Summary Judgment and in the Alternative, to Dismiss for Failure to Comply with the Court's Scheduling Order and Discovery Order."[1] Plaintiffs Ariel Burks, individually and on behalf of her minor child A.B., Nadia Robinson, and James Craig (collectively, "Plaintiffs") have not filed an opposition to the motion.[2] This Court has authority to grant a motion as unopposed, although it is not required to do so.[3] Having considered the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion in part to the extent it seeks dismissal of Plaintiffs' claims and denies the motion as moot to the extent it seeks summary judgment.

---

[1] Rec. Doc. 37.

[2] The motion was filed on June 1, 2020, and set for submission on June 17, 2020. Pursuant to Local Rule 7.5, any opposition to the motion was due eight days before the noticed submission date.

[3] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

1

**I. Background**

This litigation arises out of a motor-vehicle accident that allegedly occurred on May 30, 2018 in New Orleans, Louisiana.[4] Plaintiffs allege that Plaintiff Ariel Burks was operating her vehicle on Interstate 10 when Defendant Clifton Dowdell ("Dowdell"), who was operating a 2014 Freightliner, struck Plaintiffs' vehicle.[5] Plaintiffs filed a complaint in this Court on May 15, 2019, bringing claims against Dodwell, his employer J.H.O.C., Inc., and its insurer Sentry Select Insurance Company.[6] On July 24, 2019, Defendants answered the Complaint.[7]

On September 4, 2019, the Court's case manager conducted a scheduling conference with the parties, setting trial to begin on July 20, 2020.[8] On December 17, 2019, Plaintiffs' counsel filed a motion to withdraw as counsel of record.[9] In the motion, Plaintiffs' counsel asserted that "[e]vidence that first came to undersigned counsel's attention on December 12, 2019 necessitates the termination of undersigned counsel's representation of Plaintiffs pursuant to the Louisiana Rules of Professional Conduct 1.16 (a) and 1.16 (b)."[10] On December 20, 2019, the Court granted the motion to withdraw.[11] Plaintiffs have been proceeding *pro se* since counsel withdrew.

---

[4] Rec. Doc. 1 at 3.

[5] *Id.*

[6] *Id.* at 1–2.

[7] Rec. Doc. 7.

[8] Rec. Doc. 10.

[9] Rec. Doc. 23.

[10] *Id.* at 2.

[11] Rec. Doc. 24.

On April 17, 2020, Defendants filed a motion to compel the depositions of Plaintiffs Nadia Robinson and James Craig.[12] In the motion to compel, Defendants arsserted that Plaintiffs Nadia Robinson and James Craig had failed to appear for noticed depositions on two prior occassions.[13] Plaintiffs did not file an opposition to the motion to compel. On May 15, 2020, Magistrate Judge Douglas granted the motion, and ordered Defendants to re-notice the depositions of Nadia Robinson and James Craig no later than five days from the date of the Order.[14] Nadia Robinson and James Craig did not appear for the re-noticed depositions.[15]

On May 13, 2020, Defendants filed a "Motion for Partial Summary Judgment"[16] and a "Motion in Limine."[17] Both of those motions were set for submission on June 3, 2020.[18] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date. Plaintiffs have not filed an opposition, timely or otherwise, to either of those motions.

Defendants filed the instant "Motion for Summary Judgment and in the Alternative, to Dismiss for Failure to Comply with the Court's Scheduling Order and Discovery Order" on June 1, 2020, and set the motion for submission on June 17, 2020.[19] Pursuant to Local Rule 7.5, any

---

[12] Rec. Doc. 28.

[13] Rec. Doc. 28-1 at 2–3.

[14] Rec. Doc. 34.

[15] Rec. Doc. 37-4.

[16] Rec. Doc. 32.

[17] Rec. Doc. 33.

[18] Rec. Docs. 32-4, 33-7.

[19] Rec. Doc. 37.

opposition to a motion must be filed eight days before the noticed submission date. Plaintiffs have not filed an opposition to the motion, and therefore the motion is deemed to be unopposed. This Court may grant an unopposed motion as long as the motion has merit.[20]

On June 3, 2020, the Court issued an order continuing the trial date in this matter due to the current circumstances involving COVID-19.[21] The Court's case manager attempted to conduct a scheduling conference on June 26, 2020, but Plaintiffs did not appear for the scheduling conference.[22]

## II. Defendants' Arguments

In the motion, Defendants assert that Plaintiffs claims must be dismissed because Plaintiffs did not comply with the Court's Scheduling Order, which required that Plaintiffs file their witness and exhibit lists by May 1, 2020.[23] Therefore, Defendants contend that Plaintiffs will be unable to present any evidence at trial.[24] Additionally, Defendants assert that Plaintiffs Nadia Robinson and James Craig failed to appear for their depositions on three separate occasions, and failed to comply with the discovery order compelling their depositions.[25]

Defendants assert that they are entitled to summary judgment because Plaintiffs will not be able to present testimonial or documentary evidence at trial to prove Defendants alleged

---

[20] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[21] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[22] Rec. Doc. 40.

[23] Rec. Doc. 39.

[24] *Id.*

[25] *Id.* at 2–4.

negligence.[26] "To the extent that Defendants motion for summary judgment is not the proper procedural vehicle to seek dismiss of Plaintiffs claims, Defendants move to dismiss Plaintiffs claims for failure to comply with the Court's Scheduling Order."[27] Alternatively, Defendants move the Court to dismiss the claims of Nadia Robinson and James Craig for failure to comply with the Court's discovery order compelling them to appear for depositions.[28]

### III. Legal Standard

Pursuant to Federal Rule of Civil Procedure 41(b), "if the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."[29] To dismiss an action in this manner, there must be a clear record of delay or contumacious conduct by the plaintiff, and the court must expressly find that no lesser sanction would suffice to prompt diligent prosecution.[30] A clear record of delay is found where there have been "significant periods of total inactivity."[31] Even when that standard is met, at least one of the following "aggravating factors" should usually be present: (1) the delay was caused by the plaintiff, as opposed to his attorney; (2) the defendant suffered actual prejudice;

---

[26] *Id.* at 4.

[27] *Id.* at 5.

[28] *Id.* at 5–7.

[29] Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

[30] *Raborn v. Inpatient Mgmt. Partners Inc.*, 278 F. App'x 402, 404 (5th Cir. 2008).

[31] *Berry v. CIGNA/RSI CIGNA*, 975 F.2d 1188, 1191 n. 5 (5th Cir. 1992) (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984)).

or (3) the delay was caused by intentional conduct.[32] Dismissals pursuant to Rule 41(b) are reviewed for abuse of discretion.[33]

Similarly, Federal Rule of Civil Procedure 37(b)(2)(A) provides that a court may, on motion, order sanctions if a "party . . . fails to obey an order to provide or permit discovery . . . ." Rule 37(b)(2)(A) also sets forth the types of sanctions a court may impose.[34] Possible sanctions are listed in Rule 37(b)(2)(A)(i)-(vii) and include, among other options, dismissing the action or proceeding in whole or in part.[35] "Because of the severity of [the] sanction, dismissal with prejudice typically is appropriate only if the refusal to comply with a discovery order results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct."[36]

Dismissal of a plaintiff's action with prejudice is "reserved exclusively for clear records of contumacious and continuing discovery misconduct or delay, ordinarily involving failure to comply with multiple court orders."[37] "[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice" of a claim or affirmative defense.[38] Dismissal with prejudice "is a severe sanction that deprives a litigant of the opportunity

---

[32] *Id.*

[33] *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016).

[34] Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii).

[35] Fed. R. Civ. P. 37(b)(2)(A)(v).

[36] *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990).

[37] *Bombardier v. State Farm Fire and Cas. Co.*, No. 16-568, 2016 WL 4799098, at *2 (E.D. La. Sept. 14, 2016) (Wilkinson, Mag.) (citing *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008); *Davis v. Auto Club Family Ins. Co.*; No. 07-8545, 2008 WL 5110619, at *1 (E.D. La Dec. 2, 2008) (Vance, J.) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); quoting *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985); *EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993)).

[38] *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011) (quoting *McNeal v. Papasan*, 842 F.2d

to pursue his claim."[39] It is an appropriate sanction, therefore, only where the misconduct is egregious and where "lesser sanctions would not serve the best interests of justice."[40]

## IV. Analysis

On June 1, 2020, Defendants filed the instant "Motion for Summary Judgment and in the Alternative, to Dismiss for Failure to Comply with the Court's Scheduling Order and Discovery Order."[41] Plaintiffs have not opposed this motion. For the reasons that follow, the record undisputedly establishes that Plaintiffs have on numerous occasions failed to comply with court orders, respond to Defendants, or appear to prosecute their claim.

Federal Rule of Civil Procedure 37(b)(2)(A) provides for sanctions against a party who fails to obey a discovery order, including dismissing the action or proceeding in whole or in part.[42] Plaintiffs Nadia Robinson and James Craig failed to appear for their depositions on three separate occasions. Plaintiffs Nadia Robinson and James Craig also failed to comply with a discovery order compeling their depositions.

Likewise, pursuant to Rule 41(b), "if the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."[43] All Plaintiffs failed to deliver a written report of experts on April 3, 2020,

---

787, 792 (5th Cir. 1988)).

[39] *Id.*

[40] *Id.*

[41] Rec. Doc. 37.

[42] Fed. R. Civ. P. 37(b)(2)(A)(v).

[43] Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

or serve witness and exhibit lists on May 1, 2020.[44] Furthermore, none of the plaintiffs have responded to the dispositive motions filed by Defendants in this matter, and none of the plaintiffs appeared for the scheduling conference on June 26, 2020.

While the Court is aware that Plaintiffs are currently unrepresented by counsel and that dismissal with prejudice "is a harsh action, to be used only in extreme circumstances,"[45] Plaintiffs' *pro se* status does not diminish theirs responsibilities in this case. Dismissal is warranted when a court is faced with "significant periods of total inactivity."[46] Defendants have continued to incur expenses as they strive to comply with Court deadlines, while Plaintiffs have failed to appear in this matter, respond to motions or the Court's orders since their counsel withdrew on December 20, 2019.[47] Plaintiff's failure to comply is deliberate because Plaintiffs were notified of all deadlines before their counsel withdrew,[48] and notice of all submission dates and other deadlines has been mailed to Plaintiffs since their counsel withdrew.

Despite being on notice of the deadlines in this case, Plaintiffs have not filed anything in the record since they began representing themselves *pro se*. The Court finds that there is a clear record of unreasonable delay caused by Plaintiff, and that no lesser sanction other than dismissal would suffice.[49] Therefore, the Court finds that it is appropriate to dismiss Plaintiff's claims with

---

[44] Rec. Doc. 10 at 3.

[45] *Kabbe v. Rotan Mosle, Inc*., 752 F.2d 1083, 1084 (5th Cir. 1985).

[46] *Berry*, 975 F.2d at 1191 n.5.

[47] For example, as required by the Scheduling Order, Defendants filed witness and exhibit lists on April 30, 2020 whereas Plaintiff did not. *See* Rec. Doc. 31. Defendants also filed a Motion for Partial Summary Judgment and a Motion in Limine. *See* Rec. Docs. 32, 33. Plaintiffs have not filed an opposition to either of those motions.

[48] *See* Rec. Doc. 23.

[49] *Raborn v. Inpatient Mgmt. Partners Inc.*, 278 F. App'x 402, 404 (5th Cir. 2008); *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982).

prejudice to best serve the interests of justice because Plaintiffs have repeatedly demonstrated an unwillingness to continue prosecution in this case.

## V. Conclusion

Based on the foregoing, the record undisputedly establishes that Plaintiffs have on numerous occasions failed to comply with court orders, respond to Defendants, or appear to prosecute their claim. Plaintiffs have not opposed this motion. Because the Court finds dismissal is warranted on that basis, it will not reach Defendants request for summary judgment. Accordingly,

**IT IS HEREBY ORDRED** that Defendants J.H.O.C., Inc. d/b/a Premier Transportation, Sentry Select Insurance Company, and Clinton Dowdell's "Motion for Summary Judgment and in the Alternative, to Dismiss for Failure to Comply with the Court's Scheduling Order and Discovery Order"[50] is **GRANTED IN PART** and **DENIED AS MOOT IN PART.** The motion is **GRANTED** to the extent it seeks dismissal of Plaintiffs' claims. The motion is **DENIED AS MOOT** to the extent it seeks summary judgment.

**IT IS FURTHER ORDERED** that Plaintiffs' claims are **DISMISSED WITH PREJUDICE** for Plaintiffs' failure to prosecute.

**NEW ORLEANS, LOUISIANA**, this 2nd day of July, 2020.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[50] Rec. Doc. 37.